UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EUGENE BOWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19-1082 |
| | ) | |
| GREGORY KOCHEL, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### **MERIT REVIEW AND CASE MANAGEMENT ORDER**

Plaintiff, proceeding *pro se*, and currently incarcerated at Waupun Correctional Institution in Waupun, Wisconsin, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges that he was found guilty of being a member in a security threat group (street gang) in 2015, but that he later successfully appealed the decision. Thereafter, Plaintiff alleges that prison officials continued to investigate him, issued incident

1

reports, and found him guilty of a similar offense in 2016 in retaliation for his successful use of the grievance process in the first case. Plaintiff alleges that prison officials failed to follow state rules and regulations, refused to call witnesses at his hearings, adopted the investigation reports word-for-word, and that the wardens and grievance officials either signed off on the guilty findings or refused to grant the relief he sought in his grievances.

Plaintiff alleges that he attempted to file a lawsuit related to these matters in May 2017 by forwarding the complaint to the Pontiac law library along with a request to file the document electronically with the clerk of court. Plaintiff alleges that he was transferred to Menard Correctional Center four days later and never learned if his lawsuit had been filed despite attempts to write officials at Pontiac.

Plaintiff states a First Amendment retaliation claim based upon his allegations that Defendants Pierce II, Davis, Salinas, Buford, Brown, and Farr continued to investigate him, issued disciplinary reports, and found him guilty in 2016. Plaintiff's complaint provides some indication that Plaintiff lost good-time credit as a result of the 2016 proceedings, and, if so, the favorable termination rule in *Heck v. Humphrey*, 512 U.S. 477 (1994), may apply. In addition, Plaintiff's claims may be time-barred depending on when he completed the exhaustion process. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2014) ("Section 1983 suits in Illinois have a two-year statute of limitations, which is tolled while the prisoner exhausts the administrative grievance process."). Resolution of both issues, however, should await a more developed record.

Plaintiff's allegations related to events that occurred in 2015 are time-barred. Plaintiff completed the grievance process for these incidents on May 10, 2016, *see* (Doc. 1 at 9, ¶ 32), but did not file this lawsuit until more than two years later. Assuming Plaintiff was entitled to the minimum protections due process requires, Plaintiff also does not state a claim based upon the alleged refusal to call his witnesses at the disciplinary hearings. As alleged by Plaintiff, the witnesses' expected testimony would have been duplicative of Plaintiff's own statements. In that circumstance, prison officials

were not required to call Plaintiff's witnesses. *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003). Further, due process requires only "some evidence" to support a guilty finding at a disciplinary hearing, which was outlined in the reports Plaintiff provided. (Doc. 1-1 at 3-4); *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007).

Finally, Plaintiff cannot state a federal claim based on the violation of state law or regulations, and the denial of an administrative complaint is not sufficient to impose liability under § 1983. *See Lennon v. City of Carmel*, 865 F.3d 503, 509 (7th Cir. 2017) (failure to follow state law does not violate Constitution); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). Plaintiff also does not allege how the named defendants would have been responsible for copying documents he sent to the law library. For these reasons, the remaining claims Plaintiff alleges will be dismissed.

**It is therefore ordered:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a First Amendment retaliation claim against Defendants Pierce Jr., Davis, Salinas, Buford, Brown, and Farr. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an

appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to terminate Gregory Kochel, Randy Pfister, J James, Guy D. Pierce, S Simpson, Michael P. Melvin, Melissa Phoenix, John R. Baldwin, and John Doe as defendants.

12. The clerk is directed to attempt service on Defendants Pierce Jr., Davis, Salinas, Bufford, Brown, and Farr pursuant to the standard procedures.

13. Plaintiff's motion for counsel [5] is denied, with leave to renew upon demonstrating that he made attempts to hire his own counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

Entered this 27th day of June, 2019.

/s/Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE